Good morning. I'm Vijay Shankar with the Department of Justice, and I'd like to request two minutes for rebuttal. All right. And this is a government appeal, correct? Correct, Your Honor. Your Honor, the question in this case is whether Mr. Morales' counsel at sentencing committed an error that was so serious that he was no longer functioning as the counsel guaranteed by the Sixth Amendment. When you say so serious, is that sort of a backhanded concession that it was an error? No, Your Honor. The government believes that no error was committed here, but I'm simply reiterating the high standard that must be met under Strickland. The record shows that there actually was no error here, nor was there any prejudice from any asserted error. The record is clear that Mr. Morales, on the day of his arrest, possessed in his home two firearms adjacent to methamphetamine and drug paraphernalia. The record is also clear that Mr. Morales' counsel was aware of that fact on the day of sentencing. Well, essentially, the safety valve issue, when it came up, other circuits have held that when your co-defendant has a safety, has a gun, that you can still argue the non-possessing defendant could still possibly qualify for the safety valve. We haven't held that in the Ninth Circuit, right? That's right. But other circuits have so held a number of them. So if there weren't the two guns in the house and counsel had gotten up and said he's not eligible for the safety valve, that problem, you would concede that would be error, correct? Well, in the circumstances of this case — I mean, didn't even try. It's not necessarily error in the circumstances of this case, Your Honor. So you're saying, you know, forget the two guns in the house. If he didn't try to argue that because his co-defendant had a — the only fact is his co-defendant had a gun. He didn't have a gun. With the Ninth Circuit never having addressed that and other circuits having addressed that favorable to defendants who are non-possessing co-defendants, wouldn't that be error not to argue that? It's certainly a closer call. And it may very well — A lot closer. — be error. It's definitely a lot closer. I would argue that in the circumstances of this case, it's not as clear as it may seem, given that the co-defendant and Mr. Morales traveled to the site of the drug transaction together. They were engaging in the drug transaction together. Do we know where they traveled from? I — we don't know. The record's not there. We don't know. But they were together. They were to engage in the drug transaction together. The only reason they were not together in the car is based on fortuitous circumstances of — that happened at the moment. And so, arguably, they were together, engaging in the drug transaction together. And a reasonable argument could be made that Mr. Morales was aware that his co-defendant was possessing guns, and they possessed it — possessed the gun together at that moment. Nonetheless, that — it's a closer call, I will agree. But in this case, that's simply not at issue, because it is known and it is accepted, and Mr. Morales admitted at sentencing, by agreeing to the accuracy of the PSR, that he possessed two guns in his home, in his locked bedroom, adjacent to — Wait a minute. That's not that — all that clear, either, because I don't think it's clear that those guns were possessed in connection with this offense. Well, that's the — that is the question, Your Honor. And under the safety law — Also, it's not so clear that it was an error for the — I think, you know, a competent counsel should have — would certainly contest that, even if he knew there were guns in the bedroom or wherever they were. You shouldn't have given it up. Two guns adjacent to the very type of drug that was involved in the distribution. I don't know, but those aren't the drugs that — with which he was charged with. It has to be in connection with this offense. That's right. But he traveled from his home — I just asked you, you know, where he traveled from, and you said no. Well, I don't know if Mr. Chavez and Mr. Morales proceeded together from his home. Well, it's not part of the record. I mean, he's giving — he's giving his client up, you know, when there could be cause not to give him up on this — on this enhancement or this reduction. It's the same day of the offense. We're not talking about guns discovered several days later. We're not talking about guns discovered adjacent to a different — I know that, but it's still not established that these guns were possessed in connection with this offense. It's not established from the government's perspective. But remember, the burden is on the defendant here to establish by a preponderance of the evidence for the safety valve that these guns were not connected. And we don't even know whether the, you know, attorney, you know, talked to his client about the circumstances, do we? We don't know, but — I think your best argument is the court appears to have been wrong about allowing you to go into evidence post-Booker. That's true, Your Honor, and that — But we don't know what all of this means. Right, and that actually relates to two aspects of this. That also relates to the error prong of Strickland. And by that, I mean that if the government had been able to present its Booker evidence, then the defendant would have been required at resentencing to prove by a preponderance of the evidence — Did you make some kind of a — like a — you know, like an offer of proof or a proffer at the sentencing? The government did, Your Honor. And tell us briefly what that was. The offer of proof at resentencing was that on the day of the arrest, police officers proceeded after the arrest to Mr. Morales' home, pursuant to a search warrant, and in his home, in his locked bedroom, discovered two firearms, one underneath his mattress and one on his desk, adjacent to additional quantities of methamphetamine, digital drug scales, a quantity of marijuana, and O-sheets, drug O-sheets for customers. That was the offer of proof that was made at resentencing and accepted by the court. However, the court held that these facts were not relevant and were not admissible under Booker at resentencing because they were — Explain — did the court explain why they were not relevant? Yes, the court said that under Booker, sentencing facts have to be proved to a jury beyond a reasonable doubt. And we know from this Court's cases, one of which was decided before resentencing in this matter, the Ameline case, and also Kilby and Dare, that that is simply not the case. And so at the very least, resentencing is required in this case. And the government would submit that at resentencing, if it proves that guns were possessed, that the burden shifts to the defendant to prove either that the guns were — it was clearly improbable that they were connected with the offense in order to defeat the firearms enhancement and to prove that by preponderance of the evidence that the guns were not connected with the offense in order to gain the relief from the safety valve. And the government submits that the defendant would not be able to meet either of those  Do you want to reserve the balance for rebuttal? I will. Thank you.  May it please the Court, my name is John McNicholas, and I am the attorney for Juan Morales. It seems to me, Mr. McNicholas, that the Court got the law wrong on Booker and what could fall back for the government to be able to put that evidence on, because it's relevant both to whether the defendant can show prejudice, the prejudice prong of Strickland, and also — and if the defendant wouldn't qualify for the safety valve based on what that evidence is, then it shouldn't have been granted in the first place. Well, it's pretty clear that the safety valve relief was at least — it should have been investigated by counsel prior to sentencing in the original. Oh, yes, but the question is why not remand? They give the district court another chance to resentence — taking — applying Booker the right way. Your Honor, I don't believe necessarily that it was just simply based upon Booker. Well, it's clear what he was doing. He says so. I mean, I just don't understand your answer. Well, you've got a remand. You may win, you may lose, but remand is so obvious. You're right. And there's a good possibility the outcome would come out the same, and that is — Or that you may lose. I mean, who knows? That is a possibility as well, because not all the facts, not all the evidence Because it's not just the error. You have to show prejudice, too. I mean, there's got to be prejudice from the error. And so if he could — if he really, in fact, would never get a safety valve, then there's no — then he — you know, the writ shouldn't have been granted. I mean, it shouldn't have been granted. That is true. However, based upon the evidence that was presented in the 2255 motion, there was evidence that would support the — Well, I guess, do you agree that the Court was wrong on its analysis of post-Booker, whether the government could present evidence? I mean, that seems to me to be clear. The Court got the law wrong on that, in cutting them off at the knees there. It did appear that the Court was basing its decision on Ameline 2 and not Ameline 3, which when the Court actually granted the motion for rehearing, it was after Ameline 2, but prior to Ameline 3. Can't you just answer yes, and get it wrong? The answer is yes. The Court did get it wrong. And, you know, I mean, in analysis of that, but I do believe also that the Court was trying to distinguish the — a conspiracy conviction versus a conviction for distribution, which the Court did make that distinction. He said this is a conviction for distribution. Why is a proffer related to what was going on in the House even relevant to this particular conviction? And that — the Court did make that point as well, which is separate and distinct from the Booker analysis. Yeah, but, you know, when you say the Court made that point, you know, he didn't make that analysis in light of the full array of evidence that he should have considered, right? Namely, you know, the guns that were found in the bedroom. I think it was pretty clear based upon the fact that this drug transaction happened at a Wendy's. We don't know the distance between the home and the Wendy's by the record. However, it was not in the home that the particular drug transaction occurred. Well, I'm sure that a hearing down below would let everyone know that, right? And we also don't know where the drug came from. You know, maybe he pulled it out of the drawer in the bedroom, the drug that he brought to the transaction, right? We don't know that, say, and the district judge doesn't either. And it's true. So, you know, you can't answer the question, really, whether he's entitled to the safety valve or not. I don't believe. Do you have any additional comments that you want to make? No, I don't. Any additional questions from the panel? Thank you. Thanks for your argument. Your Honor, if the government agrees with the court's suggestion that assuming the district court correctly granted the Section 22-5 petition, that even in that case, remand for resentencing is required because of the Booker, the misreliance on Booker. However, the government reiterates that the district court erred in finding ineffective  Under the safety valve, Section 5C 1.2 of the Sentencing Guidelines, the district court is to consider not just the conduct, the offense conduct, but also all relevant conduct. All relevant conduct in this case includes weapons that were possessed in the defendant's home adjacent. Oh, then you see, if he made error, the error was because, as you say, he didn't consider all the evidence. Your Honor, that evidence was already before the court. That didn't require, the proffer was made once the district court had already proceeded to resentencing after it was accepted that he was granting the Section 22-55 motion. The evidence that the drugs, I'm sorry, that the guns were possessed in the home adjacent to drugs was already before the court because it was in the pre-sentence report, which was admitted to and establishes that these guns were, or at least that the defendant would not be able to prove by a preponderance of the evidence that these guns were not connected with the offense. And therefore, the prejudice prong of Strickland would not be satisfied here, and that alone would require, or would show that the district court erred in granting the Section 22-55 motion. All right. Thank you for your argument. This matter will now stand submitted. This court is currently in recess. Thank you.
judges: Tashima, Callahan, Schiavelli